■ August D'Aureli, Respondent, v John Bono et al., Appellants. [726 NYS2d 707] —In an action to recover on two promissory notes, the defendants appeal from a judgment of the Supreme Court, Kings County (Held, J.), dated April 10, 2000, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $46,771.95.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

At the commencement of a nonjury trial at which the plaintiff sought to establish that he was a holder in due course of two promissory notes which the defendants had failed to pay, the trial court permitted the plaintiff to present evidence regarding his holder status as the threshold issue in the trial. Prior to the presentation of testimony, the court announced that in the event the plaintiff satisfied his burden of showing that he was a holder in due course (*see,* UCC 3-302 [1]; *see also, Chemical*

*Bank v Haskell,* 51 NY2d 85, 91), the defendants would be precluded from presenting evidence of any defenses.

The issue of whether a plaintiff is a holder in due course does not arise until it is shown that a defense exists which would be good against a mere holder (*see,* UCC 3-307 [2], [3]; *see also, Badische Bank v Ronel Sys.,* 36 AD2d 763; *Regent Corp. v Bangladesh,* 253 AD2d 134, 141). Here, the trial court erred by precluding the defendants from presenting their defenses before the plaintiff established its status as a holder in due course. Under the circumstances, a new trial is warranted.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Santucci, Luciano and Schmidt, JJ., concur.